IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROINA

D'Jaris Albert, Individually and as Personal
Representative of the Estate of D'Jon Ricardo Albert,

        Plaintiffs,

                                                        Civil Action No. 3:05-3390-CMC

v.

United States of America,

        Defendant.

---

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

---

      It is hereby stipulated by and between each of the undersigned plaintiffs (meaning any person other than the plaintiffs' counsel, the defendant and its counsel, and the structured settlement broker signing this Stipulation For Compromise Settlement And Release (hereinafter "Stipulation") waiving and releasing claims, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

      1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

      2. This Stipulation is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties

1

for the purpose of compromising disputed personal injury claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. The United States agrees to pay the cash sums set forth below in Paragraph 3.a, and to purchase the annuity contracts described below in Paragraph 3.b.

a. Within three business days after counsel of record for the United States receives (i) this Stipulation signed by all parties to said document; (ii) a Court Order approving the settlement on behalf of any legally incompetent or minor plaintiff; (iii) the Social Security numbers or tax identification numbers of plaintiffs and their attorneys; and (iv) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, Counsel for the United States will send a formal request to the Department of the Treasury requesting that the sum of Five Hundred Forty Five Thousand Dollars ($545,000.00)(hereinafter "settlement amount") be expeditiously wired to the Trust Account of Settlement Planning Associates, LLC (at Virginia Commerce Bank, 374 Maple Ave. East, Vienna, VA 22180, ABA Number 056005253, Account Number 70037655). Settlement Planning Associates, LLC., agrees to distribute the settlement amount, as provided below in Paragraphs 3.a. and 3.b., within five business days after Settlement Planning Associates, LLC., receives a notice from its bank that the settlement amount has been received into said Trust Account and has received from plaintiffs' counsel the wire transfer information necessary to distribute funds pursuant to Paragraph 3.a.i., below..

i. On behalf of plaintiffs, the cash sum of Four Hundred Twenty Nine Thousand Sixty Six Dollars ($429,066.00) shall be paid to D'Jaris Albert, and to Plaintiffs' counsel of record, Richard Gergel, from which sum attorney's fees, reimbursable costs and litigation expenses shall be paid.

2

b. The sum of One Hundred Fifteen Thousand Nine Hundred Thirty Four Dollars ($115,934.00) shall be used and applied to purchase an annuity contract from New York Life Insurance Company that will provide the following periodic payments payable to D'Jaris Albert:

i. $8,800.00 per year for six (6) years certain only, beginning August 15, 2019. The final certain payment will be on August 15, 2024.

ii. $8,800.00 per year for six (6) years certain only, beginning December 15, 2019. The final certain payment will be on December 15, 2024.

iii. $440.00 per month for six (6) years certain only, beginning August 15, 2019. The final certain payment will be on July 15, 2025.

iv. $9,650.00 per year for six (6) years certain only, beginning August 15, 2022. The final certain payment will be on August 15, 2027.

v. $9,650.00 per year for six (6) years certain only, beginning December 15, 2022. The final certain payment will be on December 15, 2027.

vi. $480.00 per month for six (6) years certain only, beginning August 15, 2022. The final certain payment will be on July 15, 2028.

The parties agree that any attorneys' fees owed by the plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed 25% of the settlement amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees (including legal fees) associated with obtaining any court approval of this settlement (which includes guardian ad litem fees) will be paid out of the amount paid pursuant to Paragraph 3.a.i., above, and not in addition thereto. The parties agree that any fees for legal services incurred in the district court or in any court reviewing the settlement for

approval purposes shall be considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the amount paid pursuant to Paragraph 3.a.i., above, and not in addition thereto.

The Plaintiff stipulates and agrees that she is legally responsible for any and all liens or claims for payment or reimbursement, including any liens or claims by private insurance companies, Medicare, or Medicaid. The Plaintiff and her attorneys are unaware of any claim or lien that exists in this matter and the time for any private individual or entity to file such a claim or lien against the Estate of D'Jon Ricardo Albert has expired.

The plaintiffs and their attorneys further agree that, no later than ninety (90) days from the date the United States wire transfers the settlement amount, plaintiffs' attorneys shall provide to the United States evidence that each such lien or claim has been satisfied or resolved and that all lienholders and claimants have waived and released all such liens and claims. The evidence required by the terms of this Paragraph may be satisfied by a letter from plaintiffs' attorneys representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that all lienholders and claimants have waived and released all such liens and claims.

In the event of the death of D'Jaris Albert during any period specified herein, all remaining payments shall be made payable to the Estate of D'Jaris Albert.

The annuity contracts being purchased pursuant to this Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through Settlement Planning Associates, Inc., as soon as practicable following the execution of this Stipulation. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the United States does not

guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract and annuity payments upon the purchase of the annuity contract.

The parties stipulate and agree that the annuity company that issues the annuity contract shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check, a direct deposit, or an electronic deposit, in the amount of such payment to the address or account designated by the party to whom the payment is required to be made under this Stipulation.

The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address.

4. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby accept the sums set forth above in Paragraph 3.a., and the purchase of the annuity contract set forth above in Paragraph 3.b. in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have

or hereafter acquire against the United States, its agents, servants, and employees (including employees as defined in 42 U.S.C. § 233) on account of the same subject matter that gave rise to the above-captioned action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States and its agents, servants, and employees (including employees as defined in 42 U.S.C. § 233) from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

5. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

6. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

DATE: 6-6 , 2006

*D'Jaris R. Albert* (signature)

D'Jaris Albert, Individually and as Personal Representative of the Estate of D'Jon Ricardo Albert
D'Jaris Albert's SSN: 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

DATE: June 16, 2006    By: _____
RICHARD GERGEL
Gergel, Nickles & Solomon, P.A.
Post Office Box 1866
Columbia, South Carolina 29202
Attorney for Plaintiff


DATE: June 19, 2006    By: _____
R. EMERY CLARK
Assistant United States Attorney
Wachovia Building, Suite 500
1441 Main Street
Columbia, South Carolina 29201
Attorney for Defendant United States of America


DATE: June 19, 2006    By: _____
THOMAS D. WALSH
Settlement Planning Associates

7